WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00414-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Jennifer Maldonado, | |
| Defendant. | |

Before the Court are Defendant's Motions Pursuant to 18 U.S.C. 3582(c) in 21 CR 00414 (Doc. 51) and in 22 CR 00890 (Doc. 33), wherein Defendant seeks a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines. The motions are fully briefed and for the reasons set forth herein are denied.

**I.  Background**

On October 27, 2022, Defendant pled guilty in two cases in a combined plea agreement. In each case she pled guilty to one count of possession with intent to distribute fentanyl under 21 U.S.C. § 841(A)(1) & (B)(1)(b)(VI).

At sentencing, the Court adopted the Guideline calculations in the pre-Sentence Report ("PSR"). In its guideline calculation, the Court found the offense level to be 28 and the criminal history category to be I with a guideline range of 57–71 months in prison. The Court found that the safety valve applied and, after applying a four-level downward departure under U.S.S.G.§ 5K3.1, sentenced Defendant to concurrent terms of 37 months.

## II. Discussion

In her plea agreement, Defendant expressly waived her right to bring this motion. When she pled guilty before the magistrate judge, the magistrate judge found that Defendant entered into the plea agreement and waived her review rights knowingly and voluntarily, and this Court adopted those findings.

Because of the express waiver provision in the plea agreement Defendant has waived her right to seek a sentence reduction. A knowing and voluntary appellate waiver is "enforceable if the language in the waiver encompasses [her] right to appeal on the grounds raised." *United States v. Watson,* 582 F.3d 974, 986 (9th Cir. 2009). The appellate waiver in the plea agreement is enforceable and valid when it covers "any aspect of the defendant's sentence including the manner in which the sentence is determined and any sentencing guideline determinations… and any right to file a motion for modification of sentence including under 18 U.S.C. § 3582(c)" *United States v. Medina-Carrasco*, 815 F.3d 457, 459 (9th Cir. 2012).

Defendant is also not eligible for a reduction because a two-level reduction would not change her sentence. The Court sentenced her to two concurrent terms of 37 months in the Bureau of Prisons. Applying a two-level reduction to Defendant's sentence under § 4C1.1 would result in an offense level of 23 and a range of 46 to 57 months. Her sentence of concurrent terms of 37 months is below that range already and cannot be reduced further. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range.").

**IT IS ORDERED** that Defendant's Motions Pursuant to 18 U.S.C. 3582(c) in CR-21-00414 (Doc. 51) and in CR-22-0890 (Doc. 33) are **DENIED**.

Dated this 1st day of March, 2024.

Douglas L. Rayes
United States District Judge